UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

WESLEY WADE BLACK, LAURA )
BLACK, LAURA BLACK as the mother )
and natural guardian of R.C.B. an infant )
under the age of eighteen, and R.C.B., an )
infant under the age of eighteen, )
)
    Plaintiffs, )
)
v. ) Case No. 5:20-cv-70
)
UNITED STATES OF AMERICA, )
)
    Defendant. )

## DECISION ON MOTION TO AMEND SCHEDULING ORDER

    This Federal Tort Claims Act case concerns allegations that the Veterans Administration (VA) hospital in White River Junction, Vermont failed to diagnose plaintiff's colorectal cancer in a timely fashion. Defendant seeks to extend the discovery period in order to complete depositions of plaintiffs' eight expert witnesses. Plaintiffs seek to expedite the trial because Mr. Black's medical condition is worsening. Mr. Black strongly desires to conduct his trial while he is still able to attend and participate.

    The complaint was filed in May 2020. The Government moved to dismiss on statute of limitations grounds in July 2020. In October 2020, the court denied the motion. The parties submitted a stipulated discovery order in November 2020, providing for trial readiness by September 24, 2021. In January 2021, the parties submitted an amended order providing for trial readiness on November 8, 2021.

    The parties have completed extensive factual discovery, including eight depositions and the exchange of many pages of medical records and other documentation. The principal task remaining is the deposition of the experts. In addition, the Government will file a motion which

it styles a motion for summary judgment concerning allegations by plaintiffs that the VA failed to respond in a timely manner to information about the cancer risk presented by the burn pits to which plaintiff was exposed during his service in Iraq.

In May 2021, the Government sought an extension of the discovery schedule to allow additional time for the expert depositions as well as a one-month extension of the trial readiness date.

Plaintiffs have responded with a letter from Mr. Black's oncologist supporting an acceleration of the trial date due to his worsening health.

The court held a hearing on these issues on June 16, 2021.

The court grants the Government additional time to complete expert discovery. The request is made within the time originally permitted. The additional time will not delay a trial in the fall.

The court also grants the plaintiffs' request to move the trial up from the original trial readiness date of November 8, 2021. The court makes this change due to very serious concerns that Mr. Black's deteriorating health may prevent his attendance at trial later in the autumn or winter months. The court recognizes that the earlier trial places pressure on both sides to cooperate and work together to complete the remaining preparation despite the family obligations of counsel on both sides.

The court makes the following changes to the existing discovery order as previously modified:

The Government has until <u>August 16, 2021</u> to complete the depositions of plaintiffs' experts. Within (10) days, the plaintiffs shall identify which of the two economists, partners in

the same practice, they intend to call at trial. The expert produced for deposition shall be the expert who testifies at trial.

The plaintiffs have until September 1, 2021, to complete the depositions of the Government's experts. Scheduling of these depositions shall occur now without waiting for the disclosure deadline for expert reports of July 12, 2021.

Any motion for summary judgment or any related motion seeking to limit the plaintiffs' proof on the issue of the VA's knowledge and systemic response to the potential health risk presented by the military burn pits shall be filed by August 16, 2021. Plaintiffs shall respond within 15 days or less; any reply shall be filed within 10 days of the filing of the response.

As this issue was outlined at the hearing, a favorable ruling for the Government will reduce the scope of proof at trial but will not result in partial summary judgment on any element of plaintiffs' malpractice claim. If the motion is not filed by August 16, 2021, the Government remains free to raise the same issue in the course of the bench trial or in post-trial briefing.

The trial will commence on September 13, 2021. The court has reserved trial time through September 24, 2021.

All exhibits shall be marked in advance and placed in binders with an index. All exhibits used in direct testimony shall be provided to the court and opposing counsel not less than 10 days before trial.

Motions in limine shall be filed not later than two weeks before trial. Any response shall be filed not later than one week before trial.

Dated at Burlington, in the District of Vermont, this 17th day of June, 2021.

_____
Geoffrey W. Crawford, Chief Judge
United States District Court